## CIRCUIT COURT OF CLARKE COUNTY

Humphrey

v.

Humphrey

January 11, 1982

Case No. (Chancery) 2317

By JUDGE ROBERT K. WOLTZ

This suit for divorce filed under § 20-91(9)(a) requesting divorce on the ground of living separate and apart, etc. for one year involves the question of whether the suit was filed prematurely.

The Bill of Complaint alleges that the parties separated September 23rd, 1980, and the suit based on that allegation was filed September 23rd, 1981.

Section 20-91(9)(a) provides in pertinent part as follows:

> A divorce from the bond of matrimony may be decreed:
> (9)(a) On the application of either party if and when the husband and wife have lived separate and apart without any cohabitation and without interruption for one year.

That subsection also has a provision relating to the question of one year when it asserts that insanity shall not be a bar to such a suit.

> [N]or shall it be a bar that either party has been adjudged insane, either before or after such separation has commenced, but at the expiration of one year from the commencement of separa-

tion, the grounds for divorce shall be deemed to be complete.

Section 1-13.33 defines a year as meaning a calendar year, which except in leap year is 365 days.

This statutory ground for divorce requires that the parties *have* lived separate and apart for one year, so no cause of action accrues under this provision until the separation has continued for a full year of 365 days.

In making what I consider appropriate computation of time, the common law rule that fractional days are generally not considered applies. Though the parties may have separated September 23rd, 1980, that unavoidably implies that they were unseparated during a portion of that day. Hence the first day of separation for computation of the one-year separation commences September 24th, 1980. One year from that date is September 23rd, 1981, when suit was filed. However, on that date the parties would not *have* lived separate and apart for 365 days; that date would be the 365th day of separation, but until that day is complete the separation would not have lasted for a full calendar year of 365 days.

Though insanity is not a factor in this case, arguably that provision could allow computation of the year as commencing with the date of separation. Even in those cases involving insanity, one year must expire from the commencement of the separation, and a fractional day not being considered the first full day of separation, it still would be the day after the separation occurred. Furthermore, this subsidiary provision should be construed consistent with the general provision appearing earlier in the subsection and not as changing the meaning of the prior general provision.

As a consequence of the statutory construction arrived at above, the first day of separation would be September 24th, 1980, and the full year of separation during which the parties have lived separate and apart occurs the first instant of September 24th, 1981.

In my view, the premature institution of suit is fatal to it as no statutory ground for its institution existed and no vitality can be injected into this proceeding by way of amendment. This suit should be dismissed by Decree for the reason stated herein, which Decree should be promptly presented. Entry of this Decree of Dismissal would not of itself be prejudice to the complain-

ant's right to reinstitute suit.